IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALT LAKE CITY CORPORATION,<br><br>                   Plaintiff,<br>v.<br><br>GERRIT TIMMERMAN,<br>                   Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING CASE AFTER [3] NOTICE OF REMOVAL**<br><br>Case No. 2:15-mc-00008-DN<br><br>District Judge David Nuffer |

On January 7, 2015, Gerrit Timmerman filed a Notice of Removal[1] ("Notice") of his state court action. After careful review of the Notice, supporting papers, and relevant legal authorities, Mr. Timmerman's case is REMANDED.

## BACKGROUND

On October 27, 2014, Mr. Timmerman "was served a traffic citation by [a] Salt Lake City Police Officer[,]"[2] for: one count of driving without a valid driver's license, in violation of Salt Lake City Code § 12.24.115, an infraction; and one count of mutilation or alteration of registration, in violation of Salt Lake City Code § 12.28.070, an infraction.[3] "On [November 3, 2014], an action was commenced in the Salt Lake City Justice Court, Salt Lake County, State of Utah[.]"[4] On November 3, 2014, Mr. Timmerman filed a Declaration by Affidavit ("Declaration") with the Salt Lake City Justice Court.[5] Mr. Timmerman, in his Declaration, argued, among other things, that he is "not a resident of any county in this state pursuant [to] the

---

[1] Docket no. 3, filed January 7, 2015.

[2] *Id.* at 1.

[3] Docket no. 3-1, Information.

[4] Notice at 1.

[5] Docket no. 3-1, Defendant's Declaration by Affidavit ("Declaration").

definition of "Resident" as defined in UCA 53-3-102(a)(32)(a)[.]"[6] Salt Lake City, through its

counsel, responded to Mr. Timmerman's Declaration on November 17th, 2014.[7]

## ANALYSIS

28 U.S.C. § 1447(c) "specifically allows district courts to order remand if there has been

a 'defect in removal procedure,' or if it determines, at any time prior to final judgment, that it

'lacks subject matter jurisdiction.'"[8] Mr. Timmerman's case is remanded because his Notice was

untimely and because this court lacks subject matter jurisdiction.

  (a) *Time Barred*

The filing of a Notice of Removal is governed by 28 U.S.C. § 1446. Under § 1446(b), a

"notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt

by the defendant, through service or otherwise, of a copy of the initial pleading[.]" The traffic

citation Mr. Timmerman received on October 27, 2014 constitutes the initial pleading in this

matter.[9] Mr. Timmerman had thirty days from October 27, 2014 to file his notice of removal,

which he failed to do. Accordingly, Mr. Timmerman's Notice is barred by the time limitation set

forth in 28 U.S.C. § 1446.

  (b) *Lack of Jurisdiction*

Mr. Timmerman argues that this court has diversity jurisdiction of this case. Specifically,

he states "[t]his action is a civil action of which this Court has original jurisdiction under 28

U.S.C. § 1332," and furthermore, the action "may be removed to this Court by defendant's

representative pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action

---

[6] Declaration at 1.

[7] Docket no. 3-1, Response to Defendant's Declaration by Affidavit.

[8] *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001).

[9] *See e.g., Chase v. People,* No. C 97-3696-CRB, 1998 WL 241551, at * 4 (N.D. Cal. May 6, 1998).

between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs."[10]

The party "invoking the federal court's jurisdiction . . . bear[s] the burden of establishing that the requirements for the exercise of diversity jurisdiction are present."[11] Mr. Timmerman argues, somewhat incoherently, that he is a "private Citizen of the state of Utah, not [a] resident in this state of Utah which is a foreign jurisdiction to the state of Utah, which is private Citizen's state of domicile[.]"[12] Although Mr. Timmerman claims he is "not a resident," his statement that Utah is his "state of domicile" means he is a "Resident" as defined in Utah Code Ann. § 41-1a-202. Moreover, aside from Mr. Timmerman's contention that he is not a resident of the state of Utah, he has failed to show that his residence is elsewhere than in Utah.

Mr. Timmerman also contends that "[t]he captioned defendant[, Garrit Timmerman,] is a fiction of law registered with the State of Utah Department of Corporations, . . . to do business in the State of Utah and is owned by the natural man, Gerrit Timmerman[.]"[13] Mr. Timmerman has attached a copy of his Business Name Registration form, which reflects that he has registered "Gerrit Timmerman III" as a business entity.[14] He claims that he was served the traffic citation as the "Agent for Defendant."[15] Lack of diversity of citizenship remains unchanged even when considering the business entity, "Gerrit Timmerman III". He has alleged, and the Business Name Registration form reflects, that the entity is registered to do business in Utah.

---

[10] Notice at 2.

[11] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

[12] Notice at 5.

[13] Docket no. 3-1, Registration of Fictitious Name Known as Gerrit Timmerman III, and Business Name Registration/DBA Application.

[14] *Id.*

[15] Notice at 1.

Mr. Timmerman, therefore, has failed to meet his burden of showing complete diversity between the parties, as required to establish the existence of diversity jurisdiction.

## CONCLUSION

Having determined that the Notice was untimely and that this Court lacks subject matter jurisdiction, IT IS HEREBY ORDERED that this case is REMANDED to Salt Lake City Justice Court.

Dated January 9, 2015.

BY THE COURT:

David Nuffer
United States District Judge